IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| GARY PARKER, ADC #82735, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | |
| STATE OF ARKANSAS; and RAY | * | No. 5:13CV00287-SWW-JJV |
| HOBBS, Director, Arkansas | * | |
| Department of Correction | * | |
| | * | |
| Respondents. | * | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

On June 1, 1984, the Petitioner, Gary Parker, withdrew his plea of not guilty and pleaded guilty in Pulaski County Circuit Court to two counts of aggravated robbery. (Doc. No. 8-4.) A judgment and commitment order was entered on August 28, 1984, *nunc pro tunc* June 12, 1984. (Doc. Nos. 8-1, 8-2.)[1] He was sentenced to consecutive forty-year terms in the Arkansas Department of Correction for the two counts of aggravated robbery. (*Id.*)

Twenty-one years later, on June 29, 2005, Mr. Parker filed a federal habeas petition in this United States District Court solely challenging the calculation of good time credits. The Honorable Susan Webber Wright dismissed his petition without prejudice for failure to exhaust state remedies.

---

[1] The Court notes that Doc. Nos. 8-1 and 8-2 are the same copy of one of the judgments. Mr. Parker's two state cases were CR83-2814 and CR83-2818. The judgment for CR83-2814 is not included in the Respondent's Exhibits, but the docket sheets of the Pulaski County Circuit Clerk (Doc. Nos. 8-3, 8-4) reflect that there were two state cases, and that Mr. Parker was sentenced to forty consecutive years in the ADC for each count of aggravated robbery. In CR83-2818, he was also sentenced to 15 years in the ADC for theft of property to run concurrently.

(*Parker v. Norris,* No. 5:05CV00192.) In 2010 and 2012, Mr. Parker attempted to seek declaratory judgment in the Arkansas circuit courts, alleging that his parole date was being calculated incorrectly; he was unsuccessful. (Doc. No. 8.)

Mr. Parker filed the instant Petition on September 5, 2013. (Doc. No. 2). He contends that he was denied due process when the trial court failed to follow the requirements of Arkansas Rule of Criminal Procedure 24.4 (*Id.*) The Respondent has responded, and the case in now ripe for review. For the following reasons, the Court finds Mr. Parker's Petition (Doc. No. 2) should be DISMISSED with prejudice.

**II.    ANALYSIS**

Respondent argues that Mr. Parker's Petition is barred by the statute of limitations. (Doc. No. 8 at 2.) Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) imposed a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d)(1)-(d)(2).

After carefully reviewing the record, the Court finds the Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Parker's convictions became final on June 12, 1984, the date the judgment was entered. *See* Ark. R. App. P. 1(a) (no right to direct appeal from an unconditional guilty plea); *Bradford v. State,* 351 Ark. 394, 400-401, 94 S.W.3d 904, 908-09 (2003) (holding that a criminal judgment in Arkansas becomes effective when it is entered of record).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996, and courts have adopted a one-year grace period for the filing of habeas petitions. See *Ford v. Bowersox,* 178 F.2d 522 (8th Cir. 1999). Since Mr. Parker's conviction was final before that date, the one-year limitation period expired on April 24, 1997. See *Carey v. Saffold,* 536 U.S. 214, 217 (2002). The instant Petition, filed on September 5, 2013, was over sixteen years late. Further, there is nothing in Mr. Parker's case which is tolled the statute of limitations.

There is also no indication in the record that Mr. Parker diligently pursued his rights regarding the instant claims or that some extraordinary circumstance prevented timely filing. Mr. Parker could have, but did not, challenge the validity of his guilty plea in a Rule 37 petition in state court. Further, the filing of his first federal habeas petition in 2005 provides no relief. The statute of limitations clock may not be tolled after it has already expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). Mr. Parker failed to timely file his petition; therefore, his claims are time barred.

The Respondent additionally argues that Mr. Parker's claim is not cognizable in a federal habeas corpus petition. (Doc. No. 8 at 4.) The Court agrees on this point as well. A federal court

4

may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts. Claims based on errors of state law are not cognizable in federal habeas petition. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Here, Mr. Parker's claims that the trial court did not comply with Arkansas Rule of Criminal Procedure 24.4 when it took his guilty pleas and as such, is entitled to a sentence reduction does not allege a violation of federal law. Whether a state court complied with state law in its criminal proceedings is purely a matter for the state courts and is not reviewable by a federal court under the due process clause. *Cox v. Hutto,* 589 F.2d 394, 395 (8th Cir. 1987). As the Respondent notes, habeas courts do not sit to review state law claims. *See Meyer v. Sargent,* 854 F.2d 1110, 1116 (8th Cir. 1988). Accordingly, Mr. Parker's Petition for Writ of Habeas Corpus is DENIED.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred. Therefore, no certificate of appealability should be issued.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED with prejudice.

2. A certificate of appealability should not be issued.

DATED this 7th day of May, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE